UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTORIA-JOY GODWIN,

    *Plaintiff*,                                          CASE NO. 20-cv-12012

v.                                                              DISTRICT JUDGE THOMAS L. LUDINGTON
                                                               MAGISTRATE JUDGE PATRICIA T. MORRIS

TUSCOLA COUNTY COURT, TUSCOLA COUNTY,
JASON ERIC BITZER, SHELIA LONG, HEATHER
MALLOY, and DOES 1-10,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON SCREENING OF THE COMPLAINT**

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.

**II.**    **REPORT**

    **A.**    **Introduction**

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for all pretrial matters on August 3, 2020. (ECF No. 4.) Plaintiff's Complaint sets forth several allegations, including that Defendants have "obstructed" her access to courts, "leaving [her] without a remedy and denying [her] access to the courts for the petitioning of redress." (ECF No. 1, PageID.2.) Plaintiff brings this complaint under 28 U.S.C. §§ 2201-2202. (*Id*. at PageID.1.) Plaintiff appears to allege that, when a complaint filed in state small claims court in Tuscola County was dismissed based on improper venue, Defendants "held

hostage" Plaintiff's action (*id*.); the matter Plaintiff filed in Tuscola County was moved to Shelby Township, Plaintiff avers. (*Id*. at PageID.9.) Plaintiff refers to the Tuscola County court as a "faux court." (*Id*.) Plaintiff seems to take issue with the alleged handling of her small claims case by "deputies, clerks, janitors, or judicial appointees delegated to conduct summary proceedings where judicial discretion is not required." (*Id*. at PageID.4.)

Plaintiff filed an action in small claims court in Tuscola County on January 7, 2020. (*Id*. at PageID.8.) Plaintiff visited the court on February 4, 2020, to see whether her application to waive fees was approved, and was "astonish[ed]" to learn that the matter had been moved to a court in Shelby Township "without a hearing[.]" (*Id*. at PageID.9.) Plaintiff suspects that the clerk who told her this information "had access to [Defendant] Magistrate [Jason Eric] Bitzer and routinely provided assistance to him because he was newly appointed and she had encountered unique situations which could keep him abreast of the law[;]" Plaintiff further alleges that the clerk's doing so "would constitute collusion to conspire to make law from the bench by deriving Plaintiff of the opportunity to challenge objections from the defendant." (*Id*.) Plaintiff attempted to appeal the change of venue in her case and appears to have encountered many difficulties doing so (*id*. at PageID.10-11); her appeal was ultimately denied by Judge Amy Grace Gierhart because of "improper procedure." (*Id*. at PageID.12.) On April 2, 2020, Plaintiff filed a Motion to Extend Time to File Brief, and on April 8, 2020, sent "reminders" of previously submitted Freedom of Information Act (FOIA) requests. (*Id*.) A hearing was set for May 29, 2020 in Shelby Township. (*Id*.) Plaintiff complains that the removal of the case to Shelby

Township was "arbitrary" on the part of Tuscola County, and resulted in "wiping and therein corrupting the court record." (*Id*. at PageID.13.)

Plaintiff received a response to her FOIA request on April 15, 2020. (*Id*.) Shelia Long, who Plaintiff identifies as the clerk of the court, informed Plaintiff that "the court was immune from FOIA[.]" (*Id*.) Plaintiff took issue with this conclusion and continued to attempt to contact the court; she now alleges that Defendants "create[] a clear obstruction of justice that prevents Plaintiff from further proceeding in the court with any degree of certainty that the laws of the State of Michigan are upheld without encumbrance by secret tactics or adulteration by caprice[.]" (*Id*. at PageID.14.) On May 27, 2020, Plaintiff received a letter "offering Plaintiff the opportunity to participate in mandatory arbitration of the claims[,]" (*id*. at PageID.16), but Plaintiff was unable to attend. (*Id*. at PageID.17.) Plaintiff received a written order, dated May 29, 2020, after the hearing in Shelby Township, dismissing the action. (*Id*.)

Plaintiff takes issue with several steps throughout the process concerning her action in Tuscola County and Shelby Township. I decline to summarize all those grievances, which are myriad, here. Plaintiff requests, as relief, that this Court grant:

> a declaratory judgment that no agreement between the Parties was ever formed to 1) require Plaintiff to comply with non-judicial 'orders' in order to successfully file documents in Tuscola County's venue; 2) delegate authority to decide issues which the legislature intended for representation by the Parties; and 3) grant rights, or entitlements outside the expressed rules to Tuscola Court personnel who lack legal knowledge of the facts and the law, to compel Plaintiff to perform against Plaintiff's interests.

(*Id*. at PageID.6.)

**B.     Law and Analysis**

**1.     Governing Legal Standards**

Plaintiff is proceeding IFP, (ECF No. 5), subjecting her claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### 2. Failure to State a Claim

Plaintiff brings her claims, and seeks to invoke this Court's jurisdiction, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. "It is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction." *Borah v. Michigan*, No. 06-cv-651, 2006 WL 3334044, at *1 (E.D. Mich. Sept. 28, 2006) (citing *Schilling v. Rogers*, 363 U.S. 666 (1960); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983); *Mich. Sav. & Loan League v. Francis*, 683 F.2d 957 (6th Cir. 1982)). "'The Act only provides courts with discretion to fashion a remedy.'" *Borah*, 200 WL 3334044, at *1 (quoting *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003)). "'[B]efore invoking the Act, the court must have jurisdiction already.'" *Borah*, 2006 WL 3334044, at *1 (quoting *Heydon*, 327 F.3d at 470.)

5

"Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis." *Borah*, 2006 WL 3334044, at *1. *See also Poling v. Michigan*, No. 06-cv-841, 2007 WL 419107 (W.D. Mich. Jan. 31, 2007), *adopting rep. & rec*. 2006 WL4013797.

Plaintiff does not set forth any additional basis for the Court's jurisdiction here. As such, I suggest that this Court does not have jurisdiction over Plaintiff's claims, and Plaintiff therefore fails to state a claim upon which this Court may grant relief. Plaintiff seems to complain of the dismissal of her small claims court matter based on improper venue; I further suggest that "[t]o the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction." *Borah*, 2006 WL 3334044, at *2. "'Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits.'" *Id*. (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991); *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug.3, 1998)). There are no remaining federal claims in Plaintiff's complaint after the recommended dismissal of claims brought under the Declaratory Judgment Act. I suggest that this Court does not retain jurisdiction to the extent that Plaintiff seeks it regarding any remaining state law claims, although I note that it is unclear whether she does so.

3. **Federal Rule of Civil Procedure 8**

In the alternative, I further suggest this Complaint be dismissed pursuant to Rule 8(a). Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the

claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Where, as here, a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page prisoner civil rights complaint subject to dismissal pursuant to Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, No. 07-0157, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like").

Plaintiff identifies Counts I, II, and III in her complaint; however, each is "prolix and/or confusing." *Vicom*, 20 F.3d at 775–76. For instance, Plaintiff states Count I, in part, as the following:

> [A]n actual controversy of sufficient immediacy exists between the Parties as to whether the Parties ever formed an agreement wherein Plaintiff may be compelled to surrender all

7

> rights and responsibilities to adequately prosecute a small claims court action or that Defendants were delegated power to issue orders unilaterally on issues in dispute belonging to the litigants or that Defendants may conceal, alter, or, concoct rules and/or procedures not prescribed [sic] in readily available policies, routines, or operation manuals, which the Court must declare be revised and published for public consumption by anyone intending to subscribe to the services offered by Defendants, while ensuring that Defendants cease and desist promulgating forthwith.

(ECF No. 1, PageID.23.) Plaintiff also states that, included in part as Count II in her Complaint, she seeks a declaratory judgment finding that Defendants "(a) moved venue without conducting a hearing; or, in the alternative, conducting ex parte communications with Plaintiff's adverse party[,]" in addition to eight other requests regarding the use of forms by the clerks at the Tuscola County court, procedures used by the Tuscola County court, and more. (*Id*. at PageID.23-24.) Finally, in Count III, Plaintiff requests that this Court enter a declaratory judgment finding that:

> Defendants are not adhering to the standards established by the State of Michigan, the Judicial Committees, or the state legislature, that Plaintiff's pleadings are once again being held hostage in retaliation for not performing to non-existent rules, and, that Defendants violate statutes prohibiting Defendants from making law, perverting law, corrupting rules of court, giving advice when prohibited from doing so, giving bad advice to induce Plaintiff to violate rules against supplementing procedures[. . . .]

(Id. at PageID.25.)

Here, Plaintiff identifies several Defendants, including 10 unnamed Doe defendants, in the caption of her complaint, but she does not explain their roles with particularity for any Defendant to understand the count(s) against them. Even when some of the Defendants are identified in the Complaint, Plaintiff fails to attach any particular wrongdoing or violation of an applicable law to them in a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

8

Further, the recitation of various constitutional, statutory, or common law provisions are not clearly applied to the facts of this case. "A complaint must contain allegations regarding all the material elements to sustain a recover under some viable theory." *Asbury v. Bisig*, 70 F. App'x 247, 249 (6th Cir. 2003).

For these reasons, I recommend the Complaint be *sua sponte* dismissed.

### 3. Conclusion

For all the reasons stated above, I recommend that this Court *sua sponte* dismiss this action.

### III. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 29, 2020                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Victoria-Joy Godwin at PO Box 53, Caro, MI 48723.

Date: September 29, 2020                    By s/ Kristen Castaneda
                                            Case Manager